No. 26.—JAMES P. DENT, plaintiff in error, *vs.* KING & COOMBS, use of HIRAM KING, defendants in error.

Where a plaintiff in an action *ex contractu* recovers judgment against several defendants, and one of them pay the whole demand, the law gives him an action for money paid against the others for contribution.

Defendants standing in *æquali jure*, are bound to contribute. This doctrine, however, does not apply to judgments against several in actions of tort.

A judgment is the highest evidence of the defendant's joint indebtedness; but not conclusive of the right of the one having paid it, to receive contribution. It is not conclusive that the defendants are in *æquali jure ;* it is only *prima facie* evidence of that right, and of that position.

The principle of contribution is equality in bearing a common burden, which may depend upon the circumstances and relations of the parties anterior to the judgment against them.

A new trial will not be granted, because the jury, by a committee of one or more of their body, communicated with the judge, relative to the cause with which they were charged, *publicly*, in *open court*, and *in the presence of the parties or their attorneys*. The publicity of the communication guards it from all objection, as well as all impropriety.

This was an action of indebitatus assumpsit, brought by the defendants in error against the plaintiff in error, in the Inferior Court of the County of Chatham, to recover $350, for so much money paid by them for his use—being a suit for contribution. The plaintiff in error by his attorneys pleaded the general issue, and also a plea of set off. The defendants in error recovered in the Inferior Court, from which an appeal was taken, and at May Term, 1846, of the Superior Court of the County of Chatham, the case was tried on the appeal, before Judge Fleming and by a special jury.

The facts of this case, as they transpired on the appeal trial ·n the court below, together with the matters of err )r alleged, having been fully stated in the opinion ot the Supreme Court, delivered by His Honor Judge Nisbet, (for which see *supra*,) it is deemed unnecessary to state them here.

R. M. CHARLTON, submitted the following brief of Messrs. WARD & OWEN, Attorneys of Record for the plaintiff in error :

We shall contend, in the first place, that a claim or demand, by one surety against another, for contribution, is a claim or demand purely of equitable origin ; and whether sought to be enforced by an action at law, or bill in equity, its char-

..acter is the same, and is open to every legal as well as equitable defence which exists between the parties; and that, consequently, his Honor the judge in the court below erred, in instructing the jury that the facts and circumstances, in evidence before them, constituting that defence to the present action, could not be taken into consideration by them in deciding upon the merits.

In support of this ground of error, we shall rely upon the following authorities:—1 *Story's Equity,* 471 to 478, *sec.* 498 ; *Coulon* vs. *Green and Lovett,* 2 *Cainus' Rep.* 152 ; 2 *Starkie on Evidence,* 98, 99, 100, 102, *note ;* 2 *Greenleaf on Evidence,* 90, 91, *sec.* 113, 114 ; *Act of December* 21, 1820 ; *Prince's Dig.* 447 ; *Wright* vs. *Butler,* 6 *Wend. Rep.* 284.

2d. We shall contend that, as between *the parties to the present action in the court below,* the judgment which was recovered in the Inferior Court for the county of Chatham, in favor of Henry F. Willink, against both the defendants, and plaintiff in error, (a copy of which is incorporated in the bill of exceptions, and which said judgment recovered was offered in evidence, on the trial of this cause in the court below, by the said defendants in error,) however conclusive that judgment may have been, as between the original parties thereto, on all questions in issue, and decided by it ; still, as between the parties to the present action, it is but *prima facie* evidence, and no more, of an indebtedness, on the part of the plaintiff in error, to the said defendants in error, for a moiety of said judgment, subject to be rebutted and controlled, by every legal and equitable defence existing between them ; and that, consequently, there is error in the charge of his Honor the judge of the court below, to the jury, that said judgment, recovered as aforesaid, and in evidence before them, was conclusive of the rights of the plaintiff in error, and the defence which he had set up to the present action ; and that unless they were satisfied, from the testimony, that the plaintiff in error had either paid the one-half of said judgment, or had paid the same into the hands of the defendants in error at the time they paid the said judgment, that they, the defendants in error, were clearly entitled to recover.

In support of this ground of error, we shall rely on the following authorities :— 1 *Starkie on Evidence,* 198, *sec.* 64, 24, 215 ; 1 *Greenleaf on Evidence, sec.* 522, 524, 527, 528, 529, 530, 538, 539.

3d. We shall contend that there was error in law, in the charge of his Honor the judge of the court below, to the special jury who tried this cause, inasmuch as his Honor charged them, that the defendants in error, being the agents of the stockholders of the steamboat Charles Downing, and having, subsequently to the contract entered into by them and the plaintiff in error to Willink, received, as such agents, the sum of nearly five thousand dollars, from which sum they had promised Willink his debt should be paid, and having appropriated that sum, with the exception of six hundred and          dollars, to the payment and liquidation of other demands against the said boat, and in part payment of a claim or demand due to them individually, acted within the scope of their authority, as the agents of the said plaintiff in error, notwithstanding the express agreement and understanding between them, at the time they entered into the contract to Willink, that they would pay him the amount due, for the repairs of said boat, from the first moneys they might subsequently receive, from the earnings of said boat, as such agents.

4th. We shall contend that his Honor the judge of the court below, in permitting one or more of the special jury to leave their jury-room, after having been charged with the case, and permitting them to propound questions to the court, for its answer, touching the legal and equitable rights of the parties, and answering the same, not in the presence of the whole jury, is erroneous, and dangerous in practice, and calculated to lead to great mischief and injury.—*Sergeant vs. Roberts et al.,* 1 *Pickering's Rep.* 337.

W. LAW, for F. S BARTOW, attorney of record for the defendants in error.

*By the Court*—NISBET, Judge.

The firm of King and Coombs, the defendants in error, and James P. Dent, the plaintiff, were interested, as part owners of the steamer Charles Downing. There were also a number of owners besides. King and Coombs were the agents of the company owning the steamer. She, requiring repairs, one Willink was employed to repair her; and having received a part of his pay, detained the boat for the balance. In this state of the case, King and Coombs and James P. Dent agreed in writing to pay the amount due Willink. A part of this balance being paid, Willink sued King and Coombs and Dent, upon their agreement, and obtained judgment against them. King and Coombs, having paid the judgment, brought suit against Dent for his moiety of the debt. Upon the trial, plaintiffs read in evidence the judgment, and proved payment of it by themselves. The defendant introduced a witness, (Willink,) who proved that King and Coombs and Dent were part owners of the steamer; that King and Coombs were the agents of the company, and at the time that they and Dent assumed the payment of his debt, " they promised witness, and such was the distinct understanding at the time, that they would pay witness $500 on the arrival of the boat at St. Augustine, and the balance from the first earnings of the boat." It was further in evidence for the defendant, that only a part of the $500 was paid, and that Willink was not paid out of the first earnings of the boat. Under this state of facts, the defendant claimed that he was not liable to contribution, because Willink was not paid from the first earnings of the boat, in pursuance of the understanding. The judge of the court below charged the jury, that the record of the judgment against plaintiff and defendant was the highest evidence of their joint indebtedness to Willink; and that the agreement of Dent and King and Coombs with Willink, that he should be paid out of a particular fund, could not affect the case, as the application of the fund to the payment of other debts of the parties was a violation of the contract with Willink, and as much the act of Dent as of King and Coombs—King and Coombs being his agents. Upon the opinion of the court upon these two points, the errors are assigned. After the jury had been charged with the case, and had retired to their room, one of their body came into court, in two several instances, and made inquiry of the court, it being then in session, as to points involved in the cause. The plaintiff in error also claims the right of having a re-hearing, upon the alleged improper intercourse between the court and jury, after the cause had been committed to them. This court are of opinion that there is no error in the charge of the court below, as to either of the points stated; and farther, that the communication complained of between the court and jury, after the latter had been charged with the cause, and had retired, is no good ground for a new trial.

There can be no doubt, but that the judgment in favor of Willink against King and Coombs and Dent, is the highest evidence of a joint indebtedness from them to him; and to this extent, and no farther, does the decision of the court below go.

The record proves this with absolute verity, and cannot be gainsayed as to that fact. The judgment gives the plaintiff a right of collecting his debts out of each and all of the defendants.

If a plaintiff in an action *ex contractu* recover judgment against several defendants, and one pay the whole demand, the law gives him an action for money paid against the others for contribution. Defendants, standing in *æquali jure,* are bound to contribute. This doctrine, however, does not apply to judgments against several, in an action of *tort.*— *Chitty on Contracts,* 180 ; 1 *Camp.* 343, 345 ; 2 *Camp.* 452 ; 2 *John's. Ch. Rep.* 131 ; 1 *Randolph,* 38.

A right of action therefore exists in favor of King and Coombs against their co-defendant Dent. And although we hold that the judgment is the highest evidence of a joint indebtedness from the defendants to the plaintiff, we do not hold, that the judgment is conclusive evidence of the right of one having paid it, to receive contribution : it is not conclusive that the defendants are *inæquali jure ;* it is only *prima facie* evidence of that right and of that position. The principle of contribution is equality in bearing a common burden ; and this equality may depend upon the circumstances and relations of the parties, anterior to the judgment. Hence, we believe the court did well to admit evidence of the transaction between King and Coombs and Dent, and Willink, at the time the former assumed the debt to the latter. We think the court too was right in its judgment of the effect of the testimony, in relieving against the presumption of liability to contribution raised by the judgment against Dent.

We hold that the testimony does not rebut the presumption thus raised. How far a distinct contract between King and Coombs, and Dent, the former being agents of the company owning the steamer, to the effect that the debt to Willink should be paid out of the first earnings of the boat ; and a violation of that contract, on their part, would go to relieve Dent from liability to contribute, it is not necessary for us to determine, inasmuch as no such contract is proven. All in relation to this matter, that is proven, is a promise and understanding between King and Coombs and Dent, of the one part, (to use the language of the indenture,) and Willink, of the other part, that $500 of the debt should be paid when the boat arrived at St. Augustine, and the remainder out of the first earnings of the boat. This understanding was broken, it is true ; but not alone by King and Coombs, but also by Dent. By Dent, in two points of view : First, by him, because he was in fact a party making the promise to Willink, as well as King and Coombs, and it was his duty to see to it, as well as they, that the promise was fulfilled ; and, second, by him, because King and Coombs, being agents for the company owning the boat, and he being a member of that company, their act, in violating the understanding, was his act. The act of the agent is the act of the principal. The testimony, therefore, was correctly ruled not to affect the case in the court below.

It is the policy of the law to maintain the trial by jury pure, and hence the decisions have gone a great way in granting new trials for misconduct on the part of the jury. And for the same reason, as well as to keep the respective offices of the court and jury distinct, and hold the jury aloof from all chances of undue influence from the court ; all intercourse between the court and jury, in the recess of the court, and without the knowledge and approbation of parties or their attorneys, has been discouraged.

The case relied upon by the counsel for the plaintiff in error was determined upon these principles. There a new trial was granted because

the judge wrote a note to the jury about the case, with which they had been charged, after the court had adjourned.—1 *Pick* 337.

The facts of the case before us do not bring it within the principle of the case in 1 *Pick*. Here we find no improper conduct on the part of either the court or the jury. Nothing is more common, and, in our judgment, more proper, than for the jury, by a committee of one or more of their body, to communicate with the judge, relative to the cause, in open court, and in the presence of the parties or their attorneys and the world. The publicity of the communication guards it from all objection, as well as all impropriety.

Let the judgment of the court below be affirmed.