41447. BUTLER v. STEWART.

294

Argued September 9, 1965—Decided September 20, 1965.

*Smith, Spears & Sears, Ted D. Spears,* for plaintiff in error.

*Gambrell, Harlan, Russell & Moye, Sidney F. Wheeler,* contra.

Pannell, Judge.  Only headnote 2 requires elaboration. Plaintiff was stopped at a red signal light on a slight incline upward in the direction of the light.  Plaintiff testified that the car of the defendant struck her car in the rear while the light was still red and that her car had not rolled backward.  The defendant testified that he had stopped behind the car of the plaintiff while the light was red; that the sun was shining directly into his eyes but he could tell when the light turned green and "traffic started to move," and when it did he began to move forward, at which time a passenger in his car cried out, "Watch out, that car is rolling backward"; that defendant hit his brakes, but nevertheless "tapped" plaintiff's automobile.  Plaintiff claimed general damages for pain and suffering and special damages for

medical bills and automobile damage in the amount of $405.81. There was a verdict for plaintiff in the amount of $300, and she brings her case before this court for review on the overruling of a motion for new trial on the general grounds and on the grounds that the verdict was so grossly inadequate as to show bias on the part of the jury against the plaintiff, and complaining of charges of the court relating to comparative negligence, as to negligence of the plaintiff which would bar recovery, and as to accident.

The only evidence as to any negligence on the part of the plaintiff is the testimony of the defendant as to the declarations of his passenger, indicating that the plaintiff had released her brakes and was rolling backward toward the car of the defendant. Ordinarily, hearsay evidence, even if admitted without objection, has no probative value. *Eastlick v. Southern R. Co.,* 116 Ga. 48 (42 SE 499); *Kemp v. Central of Ga. R. Co.,* 122 Ga. 559 (2), 560 (50 SE 465); *Miller & Co. v. McKenzie,* 126 Ga. 746 (55 SE 952). However, there are exceptions to this rule as where such statement, composing the hearsay, is a part of the res gestae. See *Code* § 38-305. In *Atlanta Con. St. R. Co. v. Bagwell,* 107 Ga. 157 (5) (33 SE 191), it was held: "The cries or exclamations of bystanders upon seeing an accident about to occur may be proved to explain the state of mind and conduct of a person hearing them and who is injured in the accident"; and in *Central of Ga. R. Co. v. Dumas,* 44 Ga. App. 152 (1) (160 SE 814), it was held: "Where a driver of an automobile, before going upon a railroad track at a crossing, asked the occupants of the automobile whether the way was clear, the responses by the occupants, that they could see nothing, were, upon the trial of the driver's action for damages against the railroad company for running into him at the crossing, admissible in evidence as part of the *res gestae,* and as illustrating the question of the driver's negligence, and as showing the circumstances under which he acted at the time. Civil Code (1910), § 5763; *Atlanta &c. R. Co. v. Bagwell,* 107 Ga. 157 (33 SE 191); *Moss v. Moss,* 147 Ga. 311 (3) (93 SE 875); *Louisville & Nashville R. Co. v. Studdard,* 34 Ga. App. 570 (6) (130 SE 532)." Accordingly, there can be no question as to the admissibility of this testimony, although unobjected to; but, the question here is

whether this evidence has any probative value or is sufficient to prove the fact stated, that is, that the plaintiff permitted her car to roll backward toward the defendant's car. In *Hart v. Powell*, 18 Ga. 635, the Supreme Court of this State quoted approvingly from Greenleaf on Evidence as follows: "There are other declarations which are admitted as original evidence, being distinguished from hearsay, by their connection with the principal fact under investigation. The affairs of men consist of a complication of circumstances so intimately interwoven, as to be hardly separable from each other. Each owes its birth to some preceding circumstance, and in its turn, becomes the prolific parent of others; and each, during its existence, has its inseparable attributes and its kindred facts, materially affecting its character and essential to be known, in order to a right understanding of its nature. These surrounding circumstances constituting a part of the *res gestae*, may always be shown to the jury along with the principal fact; and their admissibility is determined by the Judge, according to the degree of their relation to that fact; *and in the exercise of his sound discretion*, it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description. (1 Greenlf. Ev. § 108)," and then stated: "True, the principal point to be observed in all cases is, whether the declarations offered in proof were contemporaneous with the main fact under consideration; for if they are merely the narrative of a past occurrence, they can not be received in evidence; still, much latitude of discretion is allowed to the Courts. And if the statements tend to illustrate the issue and to assist the judgment which is to be formed upon the whole matter; if the declarations derive a degree of credit from their connection with the surrounding circumstances, and independently of any credit to be attached to the speaker, they should, in such cases, be admitted in evidence." There is no question but that this evidence constituted a part of the res gestae, which, along with the principal fact, the collision of the two automobiles, was, under the authority of the *Hart* case evidence admissible to prove the fact stated. See also *Travelers Ins. Co. v. Sheppard*, 85 Ga. 751, 776 (12 SE 18) ; *Standard Oil Co. v. Rea-*

*gan,* 15 Ga. App. 571 (84 SE 69). It follows, therefore, that the charge on comparative negligence was authorized by the evidence.
*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*