41676. PARROTT v. FLETCHER, Executrix.

PANNELL, Judge. 1. Inasmuch as the evidence was sufficient to authorize a finding that the plaintiff's negligence was the sole proximate cause of the injuries to plaintiff, or that plaintiff's negligence contributed to his injuries, there was no error in charging the law of comparative negligence or charging that plaintiff would not be entitled to recover if his own negligence were the sole proximate cause of his injuries; nor, in view of such evidence, can we say that the verdict of

$1,250 was so small as to indicate bias or prejudice on the part of the jury. *Hunt v. Western &c. R.*, 49 Ga. App. 33 (1) (174 SE 222); *Butler v. Stewart*, 112 Ga. App. 293 (3) (145 SE2d 47).

2. The use of the term "if any" in the charge, when referring to injuries of the plaintiff and the negligence of defendant, was not argumentative. The use of such phrase is merely a device to avoid the expression of an opinion as to the fact of injuries or negligence.

3. Complaint is made that the court refused to give the exact language of the following request: "I charge you, gentlemen of the jury, that we have under Code Section 105-108 of the Georgia Code Annotated, a statute which sets forth the liability for torts by wife, child or servant. The Georgia Code section defines such liability as follows: 'Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary.'" The court did give the following charge: "I charge you that the plaintiff's action is based on the statute of our State which provides that every person shall be liable for the torts committed by his servant when in the prosecution and scope of his business whether the same be by negligence or voluntarily." The case did not involve the negligence of a wife or child but only the negligence of a servant. The Georgia Code Annotated is not the official law of the State of Georgia. *Bowen v. State*, 215 Ga. 471 (111 SE2d 44); *Mallard v. State*, 220 Ga. 31 (136 SE2d 755). The refusal of a request to charge is not error unless the charge requested is itself correct and perfect. *Lewis v. State*, 196 Ga. 755 (3) (27 SE2d 659); *Hunt v. Pollard*, 55 Ga. App. 423 (190 SE 71).

4. There being evidence from which the jury was authorized to find that the plaintiff stopped suddenly without giving a signal, there was no error in charging the provisions of Paragraph C of Section 69 of the Uniform Act Regulating Traffic on Highways. Ga. L. 1953, Nov. Sess., pp. 556, 588. (*Code Ann.* § 68-1647).

5. Where the evidence was sufficient to authorize the jury to find that both the plaintiff and the defendant violated certain statutes relating to the regulation of traffic on highways in this State, a requested charge defining negligence per se

as "whatever a statute requires positively the defendant to do, failure to do so is negligence per se, that is, negligence as a matter of law" is not adapted to the evidence, as such charge should not be limited solely to the acts of the defendant, but should also include the plaintiff. A request to charge must be adjusted to the pleadings and the evidence in order to make it mandatory upon the trial court to give the request in charge. *Lumbermen's Underwriting Alliance v. Jessup,* 100 Ga. App. 518, 541 (18) (112 SE2d 337); *Tatum v. State,* 57 Ga. App. 849 (3) (197 SE 51). There was no error in refusing the request.

6. The value of the dollar not being an issue in the case either by the pleadings or the evidence, and there being no evidence as to the comparative value of the dollar twenty to thirty years ago and at the time of trial, the trial court did not err in refusing to give a request to charge the jury that they could consider such difference.

7. The enumerations of error as to certain charges certified by the trial judge as not having been given in the language complained of are without merit.

8. The evidence was sufficient to authorize the verdict, and the other enumerations of error not herein specifically dealt with are without merit.

*Judgment affirmed. Frankum, J., concurs. Felton, C. J., concurs in the judgment only.*

ARGUED JANUARY 3, 1966—DECIDED JANUARY 27, 1966.

*William M. Morrison, Hugh G. Head, Jr.,* for appellant.
*Tisinger & Tisinger, David H. Tisinger, Robert D. Tisinger,* for appellee.