52142. FARGASON et al. v. PERVIS.

McMURRAY, Judge.

This case involves a suit for damages arising out of a collision of automobiles at an intersection in DeKalb County, Georgia. Mr. and Mrs. Walter G. Fargason sued Mrs. Elyse Wehunt Pervis for personal injury, pain and suffering, loss of services and consortium and for medical, surgical expenses and other losses arising out of the collision in the amount of $74,538.

A jury verdict was returned for the plaintiffs in the sum of $450, and the judgment followed the verdict. Motion for new trial was then filed and denied, and plaintiffs appeal. *Held:*

1. The collision occurred at an intersection at which both the plaintiff-driver and the defendant contend they each had a green light in approaching on separate streets which crossed the intersection. Plaintiffs contend that the evidence which they allege was not disputed shows they were entitled to $3,165.42 in actual damages and that the resulting verdict of only $450 shows clearly that the jury

misapplied the comparative negligence doctrine or disregarded the undisputed evidence, or both; and the verdict is unreasonably small, constituting grounds for the grant of a new trial. The law is not an exact science and if you place the values in accordance with the plaintiffs' evidence as to the actual damages it is true this would show plaintiffs entitled to the sum of $3,165.42, but under the comparative negligence rule the jury is entitled to apportion the damages as it sees fit when there is evidence to show the negligence of both parties contributed to the injuries, the plaintiff's to a lesser degree than the defendant's. See *Parrott v. Fletcher,* 113 Ga. App. 45 (146 SE2d 923); *Powers v. Pate,* 107 Ga. App. 25, 27 (129 SE2d 193); *McDonald v. Vaughan,* 115 Ga. App. 544 (154 SE2d 871).

2. Unless there has been a manifest abuse and miscarriage of justice, a verdict having approval of the trial judge should not be disturbed by an appellate court on the grounds of inadequacy. Code § 105-2015; *Maloy v. Dixon,* 127 Ga. App. 151, 164 (193 SE2d 19); and cits. Compare *Karlan v. Enloe,* 129 Ga. App. 1 (198 SE2d 331); *Massey v. Stephens,* 114 Ga. App. 254 (150 SE2d 694). Under the circumstances it cannot be said that the evidence demanded a greater finding of loss to the plaintiffs than that returned by the jury.

3. The next ground of complaint is a contention that there is no express duty imposed on the driver of a vehicle having the right-of-way to keep a lookout for approaching vehicles, and the court erred in failing to so instruct the jury. Plaintiffs also contend that a request was made to charge to this effect, but plaintiffs had agreed that no written request to charge was made in the transcript prepared from recollection. When a verdict has been returned in favor of the plaintiff, errors in the giving of a charge, that is, in omissions from the charge, or in refusal of requests which go to the matter of liability only, are harmless to the plaintiff and afford no basis as a ground for reversal, and particularly so where no written request was made. *Butler v. Stewart,* 112 Ga. App. 293 (1) (145 SE2d 47); *Maloy v. Dixon,* 127 Ga. App. 151, 155, supra, and cits.

4. Plaintiffs next contend that the court erred in

charging the jury on the doctrine of comparative negligence, but it is noted that both litigants contend, and offered evidence to that effect, that the other was negligent, that is, both had the right-of-way (a green light) and both failed to keep a proper lookout ahead as both failed to see each other until almost the moment of impact. A charge on comparative negligence was proper and required by the evidence here. *Parrott v. Fletcher,* 113 Ga. App. 45, supra. There is no merit in this complaint.

5. During the trial plaintiff's husband was not allowed to testify as to loss of earnings as a self-employed person. He testified that he lost earnings in driving his wife, the other plaintiff, to visit various doctors for medical treatment. The reasonable expense of travel to the doctor in obtaining treatment is a legitimate item of damage for recovery when the amount thereof is properly shown. See *Southern Bell Tel. &c. Co. v. Whiddon,* 108 Ga. App. 106 (4) (132 SE2d 237). The reasonable expense for the seven trips made by plaintiffs to the doctor would be a legitimate item of expense and damage, but the amount of earnings of the plaintiff and his subsequent loss of same in order to take his wife to the doctor is too vague and indefinite to show the reasonable expense for such trips. The court did not err in excluding the testimony as to the husband's earnings as being irrelevant.

6. The plaintiff's husband testified that the value of his automobile was $2,500 at the time of the collision and the salvage value he received immediately after the collision was $198. But in addition, he sought to offer the invoice cost of the automobile some two years earlier, contending that the invoice was relevant and would have warranted the drawing of a logical inference with reference to the issue of damages, citing *Stone v. State,* 118 Ga. 705 (7) (45 SE 630). Ordinarily, such an invoice should be allowed to show the value of the item. See *Corvair Furniture Mfg. Co. v. Bull,* 125 Ga. App. 141 (8) (186 SE2d 559); *Sentry Ins. v. Henderson,* 138 Ga. App. 495. But in this instance the invoiced item was two years old. The plaintiff did not testify so as to show its relevancy at a later date. The court did not err in excluding the invoice, since same would not shed any light as to market value at the time of the collision. There is no merit in this

complaint.

7. In preparing the briefs, both appellants and the appellee have failed to follow Rule 18 (Code Ann. § 24-3618) as to structure and content. For example, appellants failed to include a copy of the enumeration of error as Part II of the brief, and the sequence of arguments in both briefs do not generally follow the order of the enumeration of errors. However, we believe every enumeration of error that has been properly argued has been considered, and we find no error.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1976 — DECIDED MAY 18, 1976.

*Edward W. Gadrix, Jr.,* for appellants.

*Heyman & Sizemore, William H. Major, William B. Brown,* for appellee.