## 56670. JORDAN v. ELLIS et al.

QUILLIAN, Presiding Judge.

Plaintiff-appellant, Jacqueline H. Jordan, brought this action for the wrongful death of her 16-year-old son, Robert Jordan, who received fatal injuries in an automobile collision between his vehicle and the defendants', Ellis and Harris, vehicles. Mrs. Jordan consolidated her action with that of her husband for funeral expenses, hospital bills, and property damage to his son's vehicle. The jury rendered a verdict against both defendants in the father's action for the total amount claimed. The jury likewise rendered a verdict against both defendants in favor of Mrs. Jordan, but in the amount of $5,000 when she was seeking the alleged full value of her son's life — a sum in excess of $276,000. She contends the verdicts are "inconsistent, illogical, inadequate, and illegal." Mrs. Jordan brings this appeal. Mr. Jordan did not appeal. *Held:*

The evidence showed that the Ellis vehicle exited a shopping center and was proceeding across a divided

four lane highway with the intention of turning left, in a northerly direction. She had proceeded across the two southbound lanes and was turning left as she reached the northbound lanes when she was struck in the right rear by the Harris vehicle which was also proceeding in a northerly direction in the left lane, the lane nearest the median. The Harris vehicle which was proceeding at a speed in excess of the legal limit, attempted to turn toward the right lane, but the Ellis vehicle had proceeded into the right lane and the collision occurred there.

At the same time, the Jordan vehicle was also traveling in a northerly direction in the right hand lane when the incident occurred between the Ellis and Harris vehicles. The Jordan vehicle skidded 79 feet to the point of impact with the Ellis vehicle and 64 feet after the impact. One officer estimated the Jordan vehicle's speed at 55 mph, and another officer estimated it between 50 and 60 mph. The Harris vehicle skidded 100 feet before the impact and 32 feet after the impact. Its speed was estimated at approximately 55 mph. The posted speed limit at the collision site was 35 mph.

Mrs. Jordan contends that the trial court erred in not granting her motion for judgment notwithstanding the verdict or in the alternative a new trial on the issue of damages alone because the verdicts demonstrated a misapplication of the law by the jury and were inconsistent.

The issue of liability was resolved by the jury against both defendants. Thus, negligence of those parties was established. Further, there was evidence presented from which the jury could have found that Mrs. Jordan's son, the decedent, was also guilty of contributory negligence. Plaintiff contends that because the jury determined that the father was given full recovery and she was given a partial recovery, "the only explanation, if any is ascertainable, is that the jury applied the law of comparative negligence" in her case, which was contrary to the result reached in her husband's case. She argues that such "inconsistent verdicts justify the inference of gross mistake or undue bias under Ga. Code § 105-2015" because the jury demonstrated its lack of understanding of the issues by applying one rule of law in awarding her

partial recovery and another rule of law in granting her husband full recovery.

In the case of *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362 (130 SE2d 249) (two cases), two separate actions were brought by a husband and wife. The wife brought suit for her injuries and the husband sued for damages to his vehicle, medical expenses incurred in treatment of his wife, and for loss of consortium. In the wife's case the jury returned a verdict for the defendant. In the husband's case the jury returned a verdict for the husband for $2,118.20. *Both cases* were appealed. This court found that where the cases of the husband and wife are tried together "this does not have the effect of merging the two cases into one . . ." Our ruling was that although the "two verdicts are illogical, inconsistent and conflicting, we cannot find *either* of them to be illegal or erroneous . . ." Id. at 363. (Emphasis supplied.) The court reasoned that the cases remained separate even though combined for purposes of trial and since there "could have been no complaint had the two present cases been tried before separate juries at different times with the same results reached" there was no error. Id. at 363.

The *Nickle* case was "expressly disapproved *insofar as it allows inconsistent verdicts from the same jury,*" in *White v. Hammond,* 129 Ga. App. 408, 412 (199 SE2d 809) (Emphasis supplied.) The first *Nickle* case was reversed, on grounds not relevant here, and in the second appeal, *Armstrong Furniture Co. v. Nickle,* 110 Ga. App. 686 (4) (140 SE2d 72), Mr. Nickle was successful in his action in the trial court although his wife did not recover in her action. This court held that a "husband and wife are not privies with the sense that one is barred from pursuing an independent action for loss of consortium of an injured spouse where the one injured has lost an action based on the cause of the injury by a jury's finding of no liability."

There is a line of cases from this court in which the husband and wife combine their actions for trial and the spouse who was involved in the accident recovers damages from the defendant but the other spouse does not recover anything, or recovers only part of the proved damages. This court has reversed the judgment against the nonrecovering party because of "inconsistent verdicts

from the *same* jury." *White v. Hammond,* 129 Ga. App. 408, 412, supra. Accord, *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508 (191 SE2d 92); *Jarrett v. Parker,* 135 Ga. App. 195 (217 SE2d 337); *Clark v. Wright,* 137 Ga. App. 720 (224 SE2d 825); *Burnett v. Doster,* 144 Ga. App. 443 (2) (241 SE2d 319); see 66 ALR3d 472.

These cases are distinguishable from the instant case. All were predicated upon the derivative right of the uninjured spouse to recover proved damages where the injured spouse had received a favorable verdict as to liability. The suits by the present parties are not derivative from the other spouse. Secondly, the other cases were consolidated for trial *and appeal.* In the instant case, Mr. Jordan chose not to appeal.

It is also evident that the jury applied different rules of law to the amount of damages which were recoverable. We have reached this result because a verdict may be construed in the light of the pleadings, the issues made by the evidence, and the charge of the court. *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864, 870 (198 SE2d 420). This is the only reasonable deduction from the full recovery by the father which could result from a finding of a lack of negligence on the part of the son. On the other side, the mother's evidence of the value of the life of her son was reduced to $5,000. Thus, the jury must have applied the rule of comparative negligence in determining the amount of damages for the loss of the life of her son. Accordingly, the issue to be resolved is, where both the mother and father consolidate their actions before one jury, and they are not derivative of each other, and the jury resolves the issue of liability against the defendants, but determines the amount of damages to be awarded each plaintiff upon different theories of law, does this require reversal?

If we were to examine the instant appeal as if it were tried by itself, we would find no cause for reversal. Except in plain, palpable and indisputable cases, all questions of negligence, contributory negligence, cause and proximate cause, and whose negligence constituted proximate cause of an injury, are for the jury. *Jarrett v. Parker,* 135 Ga. App. 195, supra. And, on appeal the evidence is to be construed to sustain rather than to

destroy, the verdict, for every presumption and inference is in its favor. *Maloy v. Dixon,* 127 Ga. App. 151, 164 (193 SE2d 19). The question of damages is for jury determination and an appellate court should not interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias. Code Ann. § 105-2015 (Code § 105-2015). "Where the evidence authorizes the jury to find that [all] parties are at fault, but the defendant[s] slightly more so, so as to give the plaintiff a cause of action, a verdict for a small amount of damages is proper and should not be disturbed. [Cits.]" *Strickland v. English,* 115 Ga. App. 384 (4) (154 SE2d 710); *Waggoner v. Bevich,* 127 Ga. App. 877, 880 (195 SE2d 246). Under the comparative negligence rule, the jury may apportion damages as it determines within its discretion to be proper when the evidence shows all parties' negligence contributed to the injuries, the plaintiff's to a lesser degree than the defendants'. *Fargason v. Pervis,* 138 Ga. App. 686, 687 (227 SE2d 464). Thus, where the evidence authorized the application of the comparative negligence rule, inadequacy of the verdict would not appear simply because the amount awarded plaintiff is smaller than the amount sought. *Maloy v. Dixon,* 127 Ga. App. 151 (6), supra. Accordingly, when plaintiff's case is considered in a solitary setting, without its companion case at the trial court, the enumerated error is without merit.

Does the fact that the instant case was tried with a companion case in which inconsistent verdicts were rendered require reversal on appeal? The answer in this case must be no.

First, the husband and wife's actions were not derivative from one another. Second, the husband and wife's actions were separate and distinct and did not merge into one action because they were tried together. *Nickle v. Armstrong Furn. Co.,* 107 Ga. App. 362, supra. Third, " ' "[i]t is often both proper and expedient to consolidate two distinct cases for the purpose of disposing of them by one trial. When this is done, any party to either who is dissatisfied with the result may take whatever steps are appropriate to a review of the verdict or judgment of which he complains. That is to say, after the

trial each case then resumes its independent standing."
[Cits.]' *Lowery v. Wilcox,* 49 Ga. App. 47, 49 (174 SE 149)."
*Waggoner v. Bevich,* 127 Ga. App. 877, 880, supra. Lastly,
this case is on appeal by *itself* and we have no control over
the verdict rendered to Mr. Jordan. In the other cases such
as *Jarrett v. Parker,* supra, and *Clark v. Wright,* supra,
both cases were appealed in which the parties contended
the verdicts were inconsistent, and the appellate court
could place all parties back to their original position. In
the instant case, Mr. Jordan did not appeal his case because
he received a full verdict. Mrs. Jordan chose to appeal
because she received only a partial verdict. As both are
not before us we cannot place all parties back where they
started. See *Hixson v. Barrow,* 135 Ga. App. 519, 520 (218
SE2d 253). From construction of the verdicts, based upon
the pleadings, evidence, and the charge of the court, we
find them to be inconsistent, but inasmuch as all parties
are not before this court which were before the trial court,
we cannot render justice to all parties and must determine
if this appeal alone is correct. We find that Mrs. Jordan's
verdict is the one based upon the correct legal theory and
Mr. Jordan's verdict is the one based upon the incorrect
legal theory. As "[v]erdicts shall have a reasonable
intendment, and shall receive a reasonable construction,
and shall not be avoided unless from necessity," (Code
Ann. § 110-105 (Code § 110-105)), and "[e]ven if the
verdict is ambiguous . . . and susceptible of two
constructions, one of which would uphold it and one of
which would defeat it, that which would uphold it is to be
applied." *Haughton v. Judsen,* 116 Ga. App. 308, 310 (157
SE2d 297). " 'The presumptions are in favor of the validity
of verdicts, and if possible a construction will be given
which will uphold them.' " *West Ga. Pulpwood &c. Co. v.
Stephens,* 128 Ga. App. 864, 870, supra. " 'This verdict has
the approval of the trial judge, and absent a manifest
abuse and miscarriage of justice it should not be disturbed
by an appellate court on the ground of inadequacy.' "
*Waggoner v. Bevich,* 127 Ga. App. 877, 880, supra;
*Fargason v. Pervis,* 138 Ga. App. 686, 687, supra.
Accordingly, even though the verdicts are inconsistent,
we are not prepared to find there is any inference of gross
mistake or undue bias as to this case on appeal.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED OCTOBER 16, 1978 — DECIDED NOVEMBER 7, 1978 — REHEARING DENIED DECEMBER 1, 1978 —

*Hutto, Palmatary & Magda, J. S. Hutto,* for appellant.

*Freeman & Hawkins, Michael J. Goldman, J. Bruce Welch, Howell Hollis, III, Nathan & Nathan, Ivan H. Nathan, Dickey, Whelchel, Miles & Brown, J. Thomas Whelchel, Terry L. Readdick,* for appellees.