## 62053. DYE v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of a violation of the Georgia Controlled Substances Act and of two counts of contributing to the delinquency of a minor. In two enumerations of error he contends that the trial court erred in failing to quash the part of the indictment charging him with contributing to the delinquency of minors.

1. Appellant's first argument is that there is no longer an offense in Georgia of contributing to the delinquency of a minor. That contention is based on the fact that the legislature, when it revised Title 26 in 1968, omitted former Code Ann. § 26-6802, the section of the Criminal Code which proscribed the conduct of which appellant was accused. A review of the legislative enactments involved here, however, shows appellant's argument to be without merit.

The law which prohibits contributing to the delinquency of a minor now appears at Code Ann. § 24-9904.1. That law was enacted in 1953 (Acts 1953, Nov. Sess., p. 321), making no reference to the Code. The publisher of the Code Annotated placed the statute in the Criminal Code. In 1968, the legislature revised the Criminal Code. The repealer section of that enactment (Ga. L. 1968, pp. 1249, 1337 et seq.) repealed all of Title 26 of the Code of Georgia of 1933, as amended, and repealed a number of separate enactments. There was no mention in that repealer of the 1953 act or of the subject of contributing to the delinquency of a minor. Since the 1953 act was not a part of the Code of Georgia of 1933 and was not specifically repealed, it follows that it is still in force. See *Wiggins v. State,* 17 Ga. App. 748 (6) (88 SE 411). The fact that the publisher of the Code Annotated placed the statute originally in Title 26 and then later in Title 24 has no effect on the validity of the statute. "The Georgia Code Annotated is not the official law of the State of Georgia. [Cit.]" *Parrott v. Fletcher,* 113 Ga. App. 45, 46 (146 SE2d 923). Appellant's argument that the statute under which he was prosecuted is not in force is without merit.

2. Appellant's second enumeration of error is not supported by argument or citation of authority. It is, therefore, deemed abandoned. Code Ann. § 24-3615 (c) (2).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 10, 1981.

*Denny C. Galis,* for appellant.
*J. Cleve Miller, District Attorney, Lindsey J. Tise, Assistant*

*District Attorney,* for appellee.