## 63243. GOGGINS v. THE STATE.

BIRDSONG, Judge.

Violation of the Controlled Substances Act. Lee Harold Goggins was a co-owner or co-operator of a public recreation facility where beer and wine was sold and pool could be played. On October 10, 1980, police officers at Stockbridge observed two males, who were parked on the side of the road, acting under suspicious circumstances. Upon apprehension, the two men related that they had purchased marijuana contained in a small yellow envelope that day from the proprietor of the Stockbridge Country Club. This person was described as wearing a T-shirt and blue jeans. The officers put the Stockbridge Country Club under surveillance and noted an abnormal amount of traffic going to the building, remaining a few minutes, and leaving. One such person drove away from the club at a high rate of speed and was apprehended by the officers. He was arrested and his car searched. A yellow envelope was recovered which contained a small quantity of marijuana. The person related that he had just purchased the marijuana from a man at the club dressed in a T-shirt and blue jeans and that he (the arrestee) had observed a large amount of marijuana in the pool room behind the counter. He further related that he had purchased marijuana on prior occasions and had observed sales taking place in cars in the parking lot. The officers obtained a search warrant to search the Stockbridge Country Club and the cars parked there. The second arrestee agreed to make a controlled buy and went back to the club where he bought another package of marijuana from the person wearing a T-shirt and blue jeans, later identified as one of the proprietors of the club (pool facility) and as the appellant Goggins. The informer came back and delivered a packet of marijuana in a small yellow envelope to the officers who then executed the warrant. As they drove up to the building, they observed the appellant Goggins dressed in a T-shirt and blue jeans sitting on the trunk of an older model car. He was arrested and the building searched. A quantity of marijuana packaged in small yellow envelopes was found in the pool room behind the counter as described by the informer. The trunk of the car upon which Goggins was sitting was then forced open (inasmuch as no one present admitted the ownership or control of the car). A bag of marijuana was found in the trunk of the car. The officers prior to the search of the car had determined by radio that the car was registered in the name of Goggins and after the marijuana had been found, the keys to the car were found in Goggins' front right pants pocket. In his own testimony, Goggins denied most of this testimony and the occurrences as described by the officers. After an appropriate charge

to the jury, the jury returned a finding of guilty and Goggins was sentenced to serve three years. He brings this appeal enumerating two errors. *Held:*

1. Goggins' second enumeration of error asserts that the trial court erred in denying a motion for a directed verdict of acquittal. This enumeration is not supported by argument or citation of authority and therefore is deemed abandoned. Code Ann. § 24-3615 (c) (2); *Dye v. State,* 159 Ga. App. 494 (2) (283 SE2d 708).

2. Appellant's first enumeration of error urges that the trial court erred in denying a motion to suppress the fruits of the search. This enumeration is based upon three premises. Goggins argues that the warrant utilized by the state did not specify the county or state and therefore could not be sufficiently descriptive of the place to be searched; the warrant was overly broad as to the premises to be searched and therefore was a general warrant; and lastly, the magistrate was not informed as to the reliability of the informant.

(a) We note that the magistrate was aware and the affidavit indicated that the premises to be searched was a named place off Flippen Road at a readily identifiable location in Stockbridge, Georgia. The warrant indicated that the jurisdiction of the issuing magistrate and the searching officer was in Henry County, Georgia. This description was sufficient to render the warrant valid. *Miller v. State,* 155 Ga. App. 399, 401 (270 SE2d 822); *Cuevas v. State,* 151 Ga. App. 605, 611-612 (260 SE2d 737).

(b) We also observe that the warrant gave an exact location and limited the area, things, and places authorized to be searched, including all the cars on the lot, and items for which the search was to be conducted. The officers were aware that the appellant was a proprietor and a suspected seller and thus possessor of marijuana. When first seen, the appellant was wearing a T-shirt and blue jeans. Contrary to appellant's argument, the officers did not have uncircumscribed discretion as to what was to be searched but were very specifically limited as to whom and what could be searched. All that was searched was within the curtilage of the named and described premises. See *Bellamy v. State,* 134 Ga. App. 340 (214 SE2d 383). See also: *Jackson v. State,* 129 Ga. App. 901, 904 (201 SE2d 816); *Fowler v. State,* 128 Ga. App. 501, 503 (197 SE2d 502). We conclude this warrant was not so broad as to be characterized a general warrant to search.

(c) Evidence submitted to the issuing magistrate demonstrated that the informant had actually seen a quantity of marijuana in a specific location within a very short time of the issuance of the search warrant and had in fact been a very recent purchaser from that source. The identity of the seller, the location of the marijuana on the

premises and the observations of the surveillance all detailed the probability of an ongoing criminal enterprise and lent credence to the information furnished by the informer to the magistrate. See *Shaner v. State,* 153 Ga. App. 694 (266 SE2d 338). This satisfied the reliability of the informer's information as required by Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723). The reliability of the informer himself was established by his statement that he had recently and in the past purchased marijuana at the Stockbridge Country Club. This was a declaration against penal interest which related to the crime for which Goggins was charged and in which crime the informer confessed his participation. Those admissions are sufficient to lend personal credibility to the informer's declarations. *Smith v. State,* 136 Ga. App. 17, 19 (220 SE2d 11).

In the light of the above discussion, we find no merit in any of the three predicates for the enumeration dealing with the search warrant.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 10, 1982.

*Ernest D. Blount,* for appellant.

*E. Bryon Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.