45285. UNION CAMP CORPORATION et al. v. HELMY.
(367 SE2d 796)

MARSHALL, Chief Justice.

This case is here upon a certified question concerning a proposition of Georgia law from a three-judge panel of the United States Court of Appeals for the Eleventh Circuit. See Art. VI, Sec. VI, Par. IV of the Georgia Constitution of 1983.

The statement of facts contained in the federal appellate court's

certification order is:

> Plaintiff, James D. Helmy, filed a complaint against Union Camp Corporation and Seaboard System Railroad, Inc., seeking damages for injuries resulting from a collision between a truck driven by Helmy and a train owned and operated by Seaboard on Union Camp's premises. The case was tried before a jury in the United States District Court for the Southern District of Georgia. The jury returned a verdict finding Helmy to be 35 percent at fault, Union Camp 15 percent at fault, and Seaboard 50 percent at fault. The district court entered judgment against both Seaboard and Union Camp.

> The Supreme Court of Georgia has not addressed the issue of whether, where there are multiple defendants, a plaintiff may recover in tort against a defendant whose comparative fault is less than that of the plaintiff. Moreover, no recent opinion from the Georgia Court of Appeals has ruled on this question.

From our review of the record, it appears that the plaintiff, Helmy, charged Union Camp with negligence in maintaining defective and non-working control signals at the railroad crossing at which the collision occurred, and Seaboard was charged with negligence by reason of the train's failure to stop at the intersection, notwithstanding Seaboard's knowledge that the control signals were not working.

The question certified is: "In a negligence action under Georgia law against multiple defendants, is a plaintiff whose comparative fault exceeds that of one defendant but does not exceed that of the other defendants, entitled to a judgment against both defendants?"

In the order of the federal court certifying the foregoing question of Georgia law to us, it is noted that the only applicable case law in Georgia consists of the three decisions of the Georgia Court of Appeals in *Wilson v. Harrell*, 87 Ga. App. 793, 799 (4) (75 SE2d 436) (1953); *Smith v. American Oil Co.*, 77 Ga. App. 463, 500-503 (2c) (49 SE2d 90) (1948); and *Mishoe v. Davis*, 64 Ga. App. 700, 708 (19) (14 SE2d 187) (1941). However, as noted by the federal court, the continued viability of this line of cases has been called into question in *Banks v. City of Brunswick*, 529 FSupp. 695 (S.D. Ga. 1981), aff'd, 667 F2d 97 (11th Cir. 1982).

As is customarily noted in certification orders such as this, the particular phrasing of the certified question does not restrict our consideration of the problems involved and issues raised as perceived by us in our analysis of the record certified in the case. *Martinez v. Rod-*

*riquez*, 394 F2d 156, 159 n. 6 (5th Cir. 1968).

\* \* \*

At the time these decisions in *Wilson, Smith,* and *Mishoe* were rendered, there was not, as now, a statutory mechanism through which the named defendant or defendants could join the remaining joint tort-feasors in the plaintiff's action. See, e.g., *Gosser v. Diplomat Restaurant, Inc.,* 125 Ga. App. 620 (188 SE2d 412) (1972); *Thornhill v. Bullock,* 118 Ga. App. 186 (1) (162 SE2d 886) (1968); *Southern R. Co. v. Allen,* 88 Ga. App. 435 (3) (77 SE2d 277) (1953). Thus, the number of joint tort-feasor/defendants in the suit was a matter generally within the discretion of the plaintiff. Now, CPA § 14 (a), OCGA § 9-11-14 (a), authorizes a third-party complaint to be filed by a joint tort-feasor who has been named as a defendant in the plaintiff's action, in order to enforce such party's right of contribution against another alleged joint tort-feasor. *Evans v. Lukas,* 140 Ga. App. 182 (230 SE2d 136) (1976); *Gosser v. Diplomat Restaurant, Inc.,* supra. And, CPA § 49, OCGA § 9-11-49, constitutes specific statutory authority for special verdicts to be provided to the jury in which to make special written findings upon each issue of fact (see, e.g., *Pressley v. Jennings,* 227 Ga. 366 (20) (180 SE2d 896) (1971); *Christiansen v. Robertson,* 139 Ga. App. 423 (5) (228 SE2d 350) (1976)); through this statutory mechanism, the jury's findings with respect to each joint tort-feasor's respective negligence are easily ascertainable.

In addition, the common-law rule prohibiting contribution among joint tort-feasors, which was modified by statute as early as 1863, did not, until 1966, permit an action for contribution to be maintained unless the party sought to be held liable was a party defendant in the plaintiff's case. OCGA § 51-12-32 (Code § 105-2012); *Chattahoochee Brick Co. v. Braswell,* 92 Ga. 631 (1) (18 SE 1015) (1893); *Dent v. King,* 1 Ga. 200 (1846); *Dodge Trucks, Inc. v. Wilson,* 140 Ga. App. 743 (1) (231 SE2d 818) (1976); *Southern R. Co. v. City of Rome,* 179 Ga. 449 (2) (176 SE 7) (1934); *Greyhound Lines v. Cobb County,* 681 F2d 1327 (11th Cir. 1982); Prosser, The Law of Torts, § 50 et seq., p. 505 et seq. (4th ed. 1971).[1]

However, the argument was advanced in *Wilson, Smith,* and *Mishoe,* supra, that the plaintiff would be entitled to recover, unless the plaintiff's negligence was equal to or greater than the combined negligence of all joint tort-feasors (as opposed to only the negligence

---

[1] The cases permitting contribution have allowed it to be enforced on a pro-rata basis predicated upon the number of joint tort-feasors in the case, rather than on a basis of relative fault. See, e.g., *Eidson v. Maddox,* 195 Ga. 641 (24 SE2d 895) (1943); *Powell v. Barker,* 96 Ga. App. 592 (1) (101 SE2d 113) (1957); *Southern R. v. State Farm Mut. Auto. Ins. Co.,* 357 FSupp. 810 (N.D. Ga. 1972), aff'd 477 F2d 49 (5th Cir. 1973). See also *Bielski v. Schulze,* 114 NW2d 105 (Wis. 1962). But see *Reiter v. Dyken,* 290 NW2d 510 (Wis. 1980).

of the named defendant).

Under the operative facts obtaining in the underlying action of the tort-plaintiff in both *Wilson* and *Smith*, there were multiple joint tort-feasors, although not all of such joint tort-feasors had been named in the plaintiff's tort action as a party-defendant. *Mishoe*, on the other hand, was an action in which all joint tortfeasors had been joined by the plaintiff as party-defendants.

In all cases, the Court of Appeals rejected this argument. In *Mishoe*, supra, 64 Ga. App. at p. 708 (19), the court stated,

> The contention is that when two joint tort-feasors are charged with concurring negligence contributing to an injury the plaintiff would be entitled to a judgment against both tort-feasors in spite of the fact that the plaintiff was guilty of more negligence than one of the defendant tort-feasors. We do not think this is the law. No plaintiff is entitled to a judgment against a tort-feasor to whose negligence plaintiff's negligence is equal.

In *Smith*, supra, 77 Ga. App. at p. 501, the court, in reliance on *Mishoe*, arrived at the same holding, stating,

> We think that it is well settled that where the acts of negligence of two or more tort-feasors concur as the proximate cause of an injury, the party aggrieved may sue either one or all of the joint tort-feasors. Where recovery is sought against only one of them, the law seems to be that the plaintiff is entitled to a recovery unless the negligence of the plaintiff equals to or exceeds that of the tort-feasor against whom the action is instituted. In such a situation it is not proper for the court to charge that the plaintiff would not be entitled to recover if the negligence of the plaintiff equaled to or exceeded the combined negligence of the joint tort-feasors.

The *Mishoe* holding was repeated verbatim in *Wilson*, supra, 87 Ga. App. at p. 799.

\* \* \*

In *Banks v. City of Brunswick*, supra, the federal district court concluded, for essentially three reasons, that "present Georgia law does not recognize the principles announced in *Mishoe* and applied in *Wilson* and *Smith*." 529 FSupp. at p. 701.

First, the federal court found the view espoused in these cases — that fault on the part of the plaintiff is to be compared with that of each tort-feasor individually — to be unpersuasive in view of the paucity of authority cited in these cases in support of this holding. The court in *Banks* also noted that none of these cases has been subse-

quently cited for the proposition of law under consideration here.

Second, the court in *Banks* found the decision in *Jordan v. Ellis*, 148 Ga. App. 286 (250 SE2d 859) (1978), to constitute a *sub silentio* overruling of *Mishoe, Smith* and *Wilson.* In this regard, the federal court in *Banks* cited the following holding in *Jordan*:

> Under the comparative negligence rule, the jury may apportion damages as it determines within its discretion to be proper when the evidence shows all parties' negligence contributed to the injuries, the plaintiff's to a lesser degree than the *defendants'. Fargason v. Pervis*, 138 Ga. App. 686, 687 (227 SE2d 464). [Emphasis supplied.]

148 Ga. App., supra at p. 290.[2]

Third, the court in *Banks* found that the subsequent development of Georgia law with respect to contribution among joint tortfeasors supports the view that there is no continued viability to the *Mishoe, Smith,* and *Wilson* holding that relative fault must be considered with respect to each joint tort-feasor individually.

\* \* \*

Under Georgia law, there is found what can be described as a hybrid form of the doctrines of both contributory negligence and comparative negligence.

As a matter of contributory negligence, it is the rule in this state that, if the plaintiff, in the exercise of ordinary care, could have avoided the accident, he is denied recovery. OCGA § 51-11-7; see, e.g., *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 160 (342 SE2d 468) (1986). However, in all other cases, Georgia law's comparative-negligence rule is that if the plaintiff's negligence was less than the defendant's, the plaintiff is not denied recovery although his damages shall be diminished by the jury in proportion to the degree of fault attributable to him. See, e.g., *Ga. Power Co. v. Maxwell*, 52 Ga. App. 430 (2) (183 SE 654) (1936). Thus, a tort plaintiff cannot recover if his negligence is greater than or equal to the negligence of the defendant. OCGA § 51-11-7, supra. *Walton v. United States*, 484 FSupp. 568 (S.D. Ga. 1980).

However, the statutory law of this state does not resolve the issue of whether tort liability is to be determined by comparing the plaintiff's negligence to the aggregate negligence of all joint tort-feasors, or

---

[2] However, we note that the Court of Appeals' citation of the decision of *Fargason v. Pervis*, supra, in *Jordan v. Ellis*, supra, is incorrect, in that in *Fargason* there was only a single tort-feasor, and it was in fact held in that case that the jury is entitled to apportion damages where the plaintiff's negligence is less than the defendant's, rather than, as stated in *Jordan*, the defendants'. 138 Ga. App. at p. 687.

only to the negligence of each joint tort-feasor individually.

\* \* \*

There does, however, exist a statute, OCGA § 51-12-31 (Code § 105-2011), which was originally enacted in 1863 and which expressly permits the apportionment of damages by the jury in an action brought jointly against "several trespassers," with the judgment in such cases to be entered severally. As stated in OCGA § 51-12-31,

> Where an action is brought jointly against several trespassers, the plaintiff may recover damages for the greatest injury done by any of the defendants against all of them. In its verdict, the jury may specify the particular damages to be recovered of each defendant. Judgment in such a case must be entered severally.

See, e.g., *Standard Oil Co. v. Mt. Bethel United Methodist Church*, 230 Ga. 341 (5) (196 SE2d 869) (1973). However, it has been held that this statute applies only to trespasses to property and not to actions for personal torts. See, e.g., *Gazaway v. Nicholson*, 190 Ga. 345 (2) (9 SE2d 154) (1940); *McCalla v. Shaw*, 72 Ga. 458 (1884); *Hightower v. Landrum*, 109 Ga. App. 510 (136 SE2d 425) (1964). But see *Southern R. Co. v. City of Rome*, supra. But see also *Cox v. Strickland*, 120 Ga. 104 (47 SE 912) (1904).

\* \* \*

Thus, we answer the certified question in the following manner:

Under present Georgia law, the correct proposition of law is that a plaintiff's negligence is to be compared to the aggregate negligence of all joint tort-feasors in determining the plaintiff's right of recovery. Unless the plaintiff's negligence is equal to or greater than the aggregate negligence of all defendants, plaintiff may recover. Therefore, a plaintiff whose comparative fault exceeds that of one defendant but does not exceed that of another defendant is entitled to a judgment against both defendants, assuming, of course, that the rule of joint-and-several liability among joint tort-feasors is applicable in the case.

Having thus answered the certified question, it is helpful to explicitly note that Division 4 of *Wilson*, Division 2 (c) of *Smith*, and Division 19 of *Mishoe*, are overruled. In addition, under OCGA §§ 15-12-31 and 15-12-33 (effective July 1, 1987), neither of which is applicable here, the rule of joint and several liability among joint tort-feasors can be disregarded, with several separate judgments rendered in cases coming within the scope of these statutory provisions.

*Certified question so answered. All the Justices concur.*

DECIDED MAY 4, 1988 —
RECONSIDERATION DENIED JUNE 1, 1988.

Brennan, Harris & Rominger, Edward T. Brennan, Mason White, for appellants.
Middleton & Anderson, Michael K. Mixson, Adam P. Cerbone, Hunter, Maclean, Exley & Dunn, Arnold C. Young, John E. Suthers, for appellee.