972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara M. SCHULTZ and Thomas C. SCHULTZ, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-6214.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1992.
 
 Before MERRITT, Chief Circuit Judge, and KEITH and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs Thomas Schultz and Barbara Schultz appeal the district court's judgment, following a bench trial, for defendant United States of America on plaintiffs' claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Plaintiffs contend that the district court erred in finding that plaintiffs had failed to prove by a preponderance of the evidence that the government's negligence proximately caused Thomas Schultz's injuries and in finding that Thomas Schultz's contributory negligence exceeded the negligence of the government, thus barring any recovery under Georgia law. Plaintiffs also assign as error the district court's admission of the testimony of several witnesses for the government.
 
 
 2
 The case involves Thomas Schultz's fall from the roof of a building owned and maintained by the government. Schultz and several coworkers were constructing scaffolding around the building's chimney when Schultz fell. The plaintiffs alleged that Schultz's fall was caused by the government's negligence in maintaining certain electrical wires near the building. At the bench trial, they presented evidence that Schultz received an electrical shock either before or during his fall by contacting the wires with a metal rod that he was using in the construction of the scaffolding. They argued that the shock caused the fall.
 
 
 3
 The district court also heard the testimony of several witnesses for the government. One of these witnesses testified that Schultz could have avoided contacting the wire if he and his coworkers had constructed the scaffolding in a different manner.
 
 
 4
 After considering the evidence, the district court concluded that the plaintiffs had failed to prove by a preponderance of the evidence that the government's negligence proximately caused Thomas Schultz's injuries. The court further concluded that Schultz's contributory negligence exceeded the negligence of the government and that therefore, under Georgia law, he was barred from recovery. See Union Camp Corp. v. Helmy, 367 S.E.2d 796, 800 (Ga.1988).
 
 
 5
 Plaintiffs challenge these findings on appeal. They also assign as error the district court's decision to admit the testimony of several witnesses for the government.
 
 
 6
 Our review of the district court's findings is limited. The alleged negligence occurred in Georgia. Under the Federal Torts Claim Act, therefore, Georgia law governs the substantive aspects of the case. See 28 U.S.C. § 1346(b). Our standard of review, however, is a procedural question governed by federal law. Bell v. United States, 854 F.2d 881, 885 (6th Cir.1988). Under Fed.R.Civ.P. 52(a), the district court's findings of fact "shall not be set aside unless clearly erroneous." Moreover, due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Id.
 
 
 7
 This court has long recognized that " 'determinations of negligence and causation present mixed questions of fact and law ... [and] has long held the view that a district judges' findings regarding negligence and causation are subject to the clearly erroneous standard.' " Bell, 854 F.2d at 886 (quoting Hasler v. United States, 718 F.2d 202, 204 (6th Cir.1983), cert. denied, 469 U.S. 817 (1984)).
 
 
 8
 We review the district court's determinations regarding the admissibility of opinion testimony for abuse of discretion. Mannino v. International Mfg. Co., 650 F.2d 846, 849 (6th Cir.1981) (expert opinion); Tyson v. Jones & Laughlin Steel Corp., 958 F.2d 756, 760 (7th Cir.1992) (lay opinion). The district court's relevancy determinations are also reviewed under an abuse of discretion standard. Ang v. Proctor & Gamble Co., 932 F.2d 540, 547 (6th Cir.1991).
 
 
 9
 After carefully considering the record on appeal and the arguments of the parties, we conclude that the district court's findings regarding proximate causation and contributory negligence are not clearly erroneous. We further conclude that the district court did not abuse its discretion in admitting the testimony of the government's witnesses. We have no need to discuss our reasoning in support of these conclusions because we AFFIRM precisely for the reasons stated in the district court's "Memorandum" of September 17, 1991.