## 53380. ELKINS v. WILLETT LINCOLN-MERCURY, INC.

QUILLIAN, Presiding Judge.

This is an appeal from a directed verdict for the plaintiff on an action to recover $2,250.87 for repairs made by Willett Lincoln-Mercury on a 1961 Lincoln automobile belonging to the defendant. Defendant's auto was damaged by a third party and that party's insurer — Aetna, authorized the car to be taken to plaintiff's garage. Ford Motor Company no longer makes parts for a 1961 Lincoln. Plaintiff presented testimony that defendant authorized repairs as he wanted them to "fix it up" and told them where to get the parts and advised them that Aetna was responsible for costs. Defendant knew the repairs were being made. Plaintiff said no estimate was given defendant at first as the problem was whether parts could be found, and if they were found, how much they would cost. Plaintiff said that defendant was told cost of repairs would "run over fifteen or $1800." Aetna submitted the estimate on cost of repair, which had been compiled in stages as the work went along. The estimate was $2,250.87 and Aetna paid defendant that amount. Defendant cashed the check — on advice of counsel, but did not pay plaintiff any amount.

Defendant testified that he was given an estimate of "$1200, 11, 12, or $1300 to repair the car." He said that he never advised "anybody at Willett Lincoln-Mercury that the adjuster or anybody else was authorized to give them the go ahead to fix this car." He "didn't feel like the car should be repaired for more than what the car was worth." Defendant testified that the car was not satisfactorily repaired. He looked at the car and found "the latch that opens the hood . . . was lying in the front floor. The antenna was not on the car. The trunk lid was not painted.

There was a piece of chrome on the front fender that you could just shake — was about to come off of it . . . [They] opened the hood of the car and the thing fell down in his face. And the emergency brake was not working. The gas gage [didn't work] . . . there had been no mechanical repairs made on the car, whatsoever . . . The point [sic] job they had done on the car was terrible."

Plaintiff moved for and was granted a directed verdict. Defendant appeals. *Held:*

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Civil Practice Act § 50 (Code Ann. § 81A-150 (a); Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237). We find there was a conflict in the evidence as to a material issue.

Performance is a condition precedent to a recovery on a contract. "Performance, to be effectual . . . must be a substantial compliance with the spirit, and not the letter only, of the contract. . ." Code § 20-1101; *Morgan v. Colt Co.,* 34 Ga. App. 630 (3) (130 SE 600); *State Hwy. Dept. v. Hall Paving Co.,* 127 Ga. App. 625, 628 (194 SE2d 493).

"The law imposes upon persons performing . . . professional and skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which generally is taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by their respective professions." *Housing Authority v. Ayers,* 211 Ga. 728, 733 (88 SE2d 368); *Bodin v. Gill,* 216 Ga. 467 (1) (117 SE2d 325).

The defendant, by his testimony, clearly placed in issue whether the repairs to his car were accomplished with that "degree of care and skill" required of plaintiffs in the repair of automobiles.

The fact that the defendant's testimony may have been in part conflicting, did not prevent it from presenting an issue of fact to be determined by the jury, where his testimony was unequivocal that he contested the quality of workmanship of repairs made to his automobile.

*Judgment reversed. Stolz and Shulman, JJ., concur.*

460

ARGUED FEBRUARY 3, 1977 — DECIDED
FEBRUARY 28, 1977.

*Joseph H. King, Jr.,* for appellant.
*Zachary & Segraves, W. E. Zachary, Sr.,* for appellee.