## 54487. PALMERIO v. MAYOR &c. OF SAVANNAH et al.

MCMURRAY, Judge.

On September 16, 1971, Anthony Palmerio and Imogene Palmerio (husband and wife), residents of the State of Florida, while riding in a motor vehicle driven by Imogene Palmerio, were involved in a head-on collision on the Bay Street viaduct in the City of Savannah in what is known as the center or reversible lane of the viaduct, resulting in personal injury and damage to the Palmerios.

The Palmerios sued the Mayor and Aldermen of the City of Savannah, Chatham County, a political subdivision of the State of Georgia, and the State Highway Department of Georgia (now the Department of Transportation) for personal injury and damage to them (Count 1 for $150,000 as to Mrs. Palmerio for impaired working ability, loss of consortium of her husband and personal injury; and Count 2 for $150,000 as to Mr. Palmerio for personal injury, medical care and treatment, property damage, and loss of consortium and services of his wife). The defendants are alleged to have been negligent in maintaining a nuisance in connection with the operation of the Bay Street viaduct, having marked the roadway in such a manner as to provide only three marked lanes for travel for vehicles crossing the bridge in question the same being a highly crested bridge so as to provide reverse changes of usage of the center or reversible lane in question at various times of the day and/or night without posting proper warning signals on the approaches to said bridge. It is also alleged that the defendant-city knew or should have known that the roadway or viaduct in question when used by persons wholly unfamiliar with the City of Savannah and/or the viaduct in question constitutes the establishment and maintenance of a nuisance as to the plaintiffs, the same being clearly foreseeable due to the number of serious traffic incidents occurring on said viaduct prior to the occurrence in question.

The defendant city responded by pleading contributory negligence, governmental immunity and that the road in question was the responsibility of the State Department of Transportation and otherwise generally denying the averments of plaintiffs' complaint. The Department of Transportation responded with a motion to dismiss predicated upon a claim of sovereign immunity. This motion was granted. Chatham County likewise filed a motion to dismiss which was granted but this action by the trial court is no longer under review due to waiver on the part of the plaintiffs.

After discovery the Mayor and Aldermen of the City of Savannah filed a motion for summary judgment which

was denied, and on appeal this court affirmed. See *Mayor &c. of Savannah v. Palmerio,* 130 Ga. App. 238 (202 SE2d 677).

The case came on for trial before a jury. A motion for directed verdict was made by defendant-city, both at the close of plaintiffs' evidence and at the close of all evidence, the court reserving its ruling thereon. The jury then returned its verdict in favor of the defendant. Judgment was returned on the verdict. Motion for new trial was then filed, and was pending when a directed verdict was granted by the court. The court then denied the motion for new trial. Plaintiffs appeal. *Held:*

1. In this case the trial judge submitted the issues to the jury without ruling on defendant's motion for directed verdict. The jury returned a verdict for the defendant on which the trial court entered a judgment. This judgment was never vacated nor was it ever validly superseded. Nearly one month after the jury verdict and the entry of judgment, although no motion for judgment notwithstanding the verdict was made, the judge sustained the stale motion for a directed verdict. In the absence of a timely motion for judgment notwithstanding the verdict as required by CPA § 50 (b) (Code Ann. § 81A-150 (b)), the order granting this stale motion was absolutely void. Obviously plaintiffs are not entitled to a new trial on this void order as the original judgment entered on the jury verdict was not affected by the void order and it exists as the official judgment in the case. Also, plaintiffs do not enumerate the original judgment as error but enumerate error only on certain instructions of the court to the jury and the granting of a motion to dismiss one of the defendants. Thus, unless there is merit in these latter enumerations, there can be no new trial as the original judgment must stand as the final judgment in the case. For us to rule otherwise would be to permit a trial judge to eliminate an appellate review of possible errors in his instructions to the jury by the granting of a directed verdict after the jury has returned a verdict and judgment entered on the verdict where no proper motion for judgment notwithstanding the verdict was ever entered.

Therefore, the judgment entered on the jury verdict and never vacated stands as the final judgment in the case

unaffected by the subsequent void direction of the verdict.

2. The plaintiffs urge that we abolish, by judicial fiat, the doctrine of sovereign immunity in Georgia. Such action is beyond the authority of this court. See *Sheley v. Bd. of Public Ed. for the City of Savannah & the County of Chatham,* 233 Ga. 487 (212 SE2d 627). The Department of Transportation operates under the powers delegated by the sovereign (the State of Georgia) as its duly constituted agency as a part of the sovereign, and cannot be sued unless sovereign immunity has been waived as to it by statute. *State Hwy. Dept. v. Barrett,* 124 Ga. App. 703 (1) (185 SE2d 624); *Tounsel v. State Hwy Dept. of Ga.,* 180 Ga. 112, 114 (178 SE 285); *Elberton Southern R. Co. v. State Hwy. Dept. of Ga.,* 211 Ga. 838 (89 SE2d 645); *Southern R. Co. v. State Hwy. Dept.,* 219 Ga. 435 (134 SE2d 12). The court did not err in granting the motion to dismiss of the Department of Transportation, formerly the State Highway Department of Georgia; and the judgment is affirmed accordingly as to it.

3. The court charged the jury that "[t]he law in defining nuisance and in saying that the lawfulness of the act does not keep it from being a nuisance does not mean that an act may amount to nuisance where it is authorized by law and then is executed in accordance with the judgment or conclusion reached by the municipal authorities in the exercise of the governmental function. But the true interpretation is that an act which the law authorizes to be done may result in an actual nuisance only where there is negligence or error in the execution of the plans, specifications, adopted or prescribed by the governing authority or similarly where the act itself when it becomes a nuisance when conducted in an illegal manner to hurt and inconvenience or damage of another that which the law authorizes to be done if done as the law authorizes it to be done cannot be a nuisance." This charge incorrectly stated that an act authorized by law and executed in accordance with the judgment or conclusion reached by municipal authorities in the exercise of the governmental function cannot be a nuisance. Nor was it correct in stating that an act which the law authorizes to be done may result in an actual nuisance only where there is negligence or error in the execution of the plans adopted

by the governmental authority. This is not the rule in Georgia. The plan itself adopted by the governing municipal authority may result in a nuisance by creating a dangerous situation even though the adoption of the plan is the exercise of a governmental function. "A municipality like any other individual or private corporation may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or a ministerial function." *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 837-838 (165 SE2d 141). The error enumerated to this charge which was raised by proper exception to the charge when plaintiffs were given a suitable opportunity is meritorious, requiring a new trial as to the remaining defendants, Mayor and Aldermen of the City of Savannah.

4. Plaintiffs by their brief have argued numerous other alleged errors in the charge to the jury. A review of the record, however, discloses that no specific objection has been made as to these alleged errors as required by Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). The errors contended are not blatantly apparent and prejudicial, and no gross miscarriage of justice will result from declining to consider these objections. See *Sullens v. Sullens,* 236 Ga. 645, 646 (224 SE2d 921).

5. Evidence was presented that the reversible lane signal under which plaintiffs passed prior to going upon the viaduct was located in such proximity with the traffic signal that the two signals might be confused or one go unnoticed. Employees of the city testified that the lane signals were maintained by the city and that signs governing the reversible lane had been placed and maintained by the city. A Savannah police officer testified that he had informed his superiors of the inadequacy of the warning devices on the viaduct. The relevant issues in this case are whether the actions of the city in maintaining certain signals and signs relating to reversible lane usage of the center lane of the viaduct had created a nuisance, whether the city had notice of such nuisance if it existed and whether such nuisance if it existed was a proximate cause of plaintiffs' injuries.

Plaintiffs having presented evidence supporting their position on these material issues, a judgment in favor of defendant, City of Savannah, was not demanded. See Code Ann. § 81A-150 (a) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248); *Elkins v. Willett Lincoln-Mercury, Inc.,* 141 Ga. App. 458, 459 (233 SE2d 851); *Stuckey v. Kahn,* 140 Ga. App. 602, 606 (2) (231 SE2d 565); *Kalish v. King Cabinet Co.,* 140 Ga. App. 345, 347 (3) (232 SE2d 86).

*Judgment affirmed in part; reversed in part. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED MARCH 10, 1978 —
REHEARING DENIED MARCH 30, 1978 — CERT. APPLIED FOR.

*Jones & Cheek, John Wright Jones, Hamilton, James, Merkle & Young, John R. Young,* for appellant.

*James B. Blackburn, Stanley E. Harris, Anton F. Solms, Jr., Leonard W. Childs, Jr., Arthur K. Bolton, Attorney General, Roland F. Matson, Assistant Attorney General,* for appellees.