56159. PORTER et al. v. CITY OF GAINESVILLE.

McMURRAY, Judge.

The plaintiffs in this action against the City of Gainesville are Mona Kay Porter, a minor, by and through her father and next friend Jackie Maurice Porter, and Jackie Maurice Porter, individually. They allege that on August 29, 1976, Mona Kay Porter was injured when she fell from a cable device placed and maintained as part of the playground equipment in a municipal park owned by the defendant. The complaint alleges that the cable device, which consisted of a cable stretched on an incline between a tree and a lower tree, with a hand grip attached to a wheel rotating on top of the cable, was an inherently dangerous instrumentality, an attractive nuisance; and that the city was negligent in

placing and maintaining the cable device in the park for use by children.

The defendant City of Gainesville made its motion for summary judgment supported by the affidavits of the city manager and of the director of the City of Gainesville Parks & Recreation Department. Their affidavits state that the park is maintained with public funds for the health, pleasure and recreation of the public, and that the city collects no fees for the use of the park or its facilities. The deponents depose that no notice of any other injuries arising from the cable device had been received. The parks director also detailed the regular inspection, maintenance and repair of the cable device.

The plaintiffs responded to defendant's motion for summary judgment with the affidavit of Jackie Maurice Porter detailing his inspection of the cable device approximately a week to 10 days after his daughter was injured while using the device. He deposed that the height of the cable itself off the ground ranged from 4' 10" at the lower tree to 14' 8" at the mounting platform. The affidavit of Mona Kay Porter stated that when she was using the cable device on August 29, 1976, the day on which she was allegedly injured, there were no bicycle grips on the grip of the pulley device, and the grip itself was slippery due to oil or grease being on the grip. The age of the minor child was not shown.

Defendant's motion for summary judgment was granted, and the plaintiffs appeal, contending that the court erred in granting defendant's motion for summary judgment and in denying plaintiffs' motion for reconsideration. *Held:*

A municipality may be liable for damages it causes to a third party in the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or ministerial function. An action may be brought against a municipality for the creation or maintenance of a nuisance where the municipality is negligent in carrying out a lawful act which it was authorized to do. In *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 838 (165 SE2d 141), the mayor, chief of police and aldermen of Fort Oglethorpe were alleged to have had knowledge for more than two weeks of a defective traffic

light, and the mayor and chief of police were alleged to have known that six collisions had taken place at the intersection on the day the plaintiff in that case was injured, and did nothing to correct the situation. These allegations were held sufficient to show the active operation and maintenance of a dangerous condition and knowingly allowing the condition to continue to the injury of the plaintiff.

In this case, plaintiffs allege that the cable device placed and maintained in a municipal park is inherently dangerous due to the danger of children falling from the device to the ground many feet below or colliding at great speed with the lower tree to which the device is attached. Plaintiffs contend that the placing and maintaining of the cable device in a public park constituted a nuisance.

The city has unsuccessfully attempted to negate notice of the dangerous and defective condition allegedly existing due to the absence of proper hand grips and the presence of oil or grease on the grips but has presented affidavits of only two officials of the city. In the light of the fact that discovery has revealed that the regular maintenance on the cable device was performed by four individuals other than those who have supplied affidavits, we must hold that the defendant failed to negate the question of constructive notice. See *Southeastern Builders, Inc. v. Starrett,* 127 Ga. App. 5, 6 (192 SE2d 394). Nor does the defendant's evidence of regular maintenance and repair of the cable device negate plaintiffs' assertion that the device was inherently unsafe.

The operation and maintenance of playground equipment so designed as to be dangerous to life or health is a nuisance for which an action against a municipality may be maintained. *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 838, supra; *Coppedge v. Columbus, Ga.,* 134 Ga. App. 5 (213 SE2d 144) and cases cited and discussed at page 7. Here the park was maintained for the health and pleasure of the public and the maintenance of such a park is a governmental function. The city is not liable for simple negligence in the operation of such a facility. But here plaintiffs allege that the design of the cable device was such as to be inherently dangerous and was a continuing

threat to anyone who might choose to use it. Plaintiffs' claims are based on a nuisance created and maintained by a municipal corporation. Defendant has failed to pierce the pleadings of the plaintiffs and issues of material fact remain for jury determination. The trial court erred in granting summary judgment.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED JULY 10, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED SEPTEMBER 25, 1978 — ▊▊▊▊▊▊

*Deal, Birch, Orr & Jarrard, E. Wycliffe Orr,* for appellants.

*Smith, Smith & Frost, Steven P. Gilliam, John H. Smith,* for appellee.