A89A1678. JET AIR, INC. et al. v. EPPS AIR SERVICE, INC.
(392 SE2d 245)

POPE, Judge.

Plaintiff Jet Air, Inc., doing business through a company known as Planes, Inc., was in the business of chartering airplanes. Defendant Epps Air Service, Inc., was in the air transport business. In January 1983, when one of Epps' airplanes was out of service, Epps leased a certain Learjet aircraft from Planes, Inc. Planes, Inc., did not usually lease airplanes but, instead, chartered them to fly cargo or passengers using their own employees as pilots. However, Planes, Inc., agreed to lease the Learjet to Epps on the condition that one of its employees, Don Toth, a licensed co-pilot and aircraft mechanic, accompany the aircraft on all flights during the term of the lease. According to plaintiff Larry Block, owner and president of Jet Air, Inc., Toth was sent along with the aircraft "[j]ust to insure proper operation, and frankly an honest reporting of all use, so there wouldn't be any question about its needs, its maintenance, use, how much it flew, or anything else. Just to verify things that were going on."

Toth was utilized as co-pilot for the flights taken in the aircraft by Epps. On several instances during the first week of use by Epps the nose wheel steering system of the aircraft malfunctioned. Toth observed the malfunctions, discussed them with the Epps pilot and indicated he was aware of previous malfunctions of the nose wheel steering on that aircraft. The pilot failed to note the malfunctions in the aircraft's log book, as required by federal law, but explained that he did not think it was necessary to make a written record of the problem since a mechanic employed by the owner of the aircraft had observed the problem and because he believed Epps was going to return the aircraft to its owner at the end of the week. In fact, Epps extended its lease for the following week and a different Epps pilot was assigned to the aircraft. The second pilot did not review the air-

craft log book but relied on Toth, who had co-piloted the aircraft the previous week, and who told him the aircraft was fine. On January 26, 1983, as the aircraft was landing at Burke-Lakefront Airport in Cleveland, Ohio, it veered off the runway and sustained extensive damage when rocks and turf were thrown into the engines. The pilot testified the nose wheel steering mechanism locked to the left, causing the aircraft to leave the runway.

Plaintiffs sued Epps alleging it was liable for damage to the aircraft either in tort or pursuant to the law of bailment. The jury returned a defendant's verdict along with a statement, delivered by the foreman, that they found that both parties had been "very negligent" in failing to follow the applicable regulations and guidelines and in failing to take corrective action in regard to the mechanical problems which occurred during the period of the contract. Plaintiffs appeal.

1. Plaintiffs first argue the trial court erred in denying their motion for directed verdict. When a plaintiff presents a prima facie case for judgment, then whether the trial court erred in refusing to direct a verdict depends on whether the defendant presented evidence to support its defenses. *General Motors Acceptance Corp. v. Bowen Motors*, 167 Ga. App. 463 (1) (306 SE2d 675) (1983). "In all cases of bailment, after proof of loss by the bailor, the burden of proof is on the bailee to show proper diligence." OCGA § 44-12-44. Plaintiffs argue that because they presented evidence of bailment and property loss and the evidence showed lack of proper diligence by the bailee they are thereby entitled to judgment. However, performance is a condition precedent to a recovery on a contract. "Performance, to be effectual . . . must be substantially in compliance with the spirit and the letter of the contract. . . ." OCGA § 13-4-20. "The law imposes upon persons performing . . . professional and skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which generally is taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by their respective professions." (Citations and punctuation omitted.) *Elkins v. Willett Lincoln-Mercury*, 141 Ga. App. 458, 459 (233 SE2d 851) (1977). Defendant in this case presented evidence that plaintiffs had knowledge that the nose wheel steering mechanism had malfunctioned on previous occasions. This evidence created an issue as to whether plaintiffs had failed to keep the aircraft in suitable order and repair for leasing to defendant. In regard to plaintiffs' claim of liability for negligence, this evidence created an issue for jury determination as to plaintiffs' contributory negligence. Moreover, plaintiff Larry Block's testimony provided evidence from which the jury could determine that Don Toth, co-pilot of the jet, was acting as plaintiffs' agent. Evidence was presented from which the jury could find Toth was negligent and that his negligence was thus

imputable to plaintiffs. The trial court did not err in denying plaintiffs' motion for directed verdict.

2. As noted above in Division 1, sufficient evidence was presented from which the jury could determine that Don Toth, plaintiffs' employee, was acting at all times relevant to this action as plaintiffs' agent. Thus, the trial court did not err in charging the law of OCGA § 44-12-62 (b). ("If the bailor sends his own agents with the thing bailed, the hirer shall not be liable for the acts of such agents but shall only be liable either to the bailor or to third persons for the consequences of his own directions and for gross neglect.") Neither did the court err in charging the jury on the law of contributory negligence nor in failing to grant plaintiffs' motion in limine requesting the trial court to rule inadmissible any evidence that the co-pilot was an agent of plaintiffs.

3. For purposes of seeking additional damages because, plaintiffs allege, the aircraft was not repaired within a reasonable period of time, the plaintiffs sought to submit admissions of the defendant that its insurance adjuster contracted for the repair of the aircraft. The defendant originally admitted plaintiffs' requests for admission that its agent contracted for the repair. However, based upon the subsequent deposition testimony of the insurance adjuster, defendant served an amended response in which it denied the request for admission. At a pre-trial conference the trial judge ruled to permit the amendment to defendant's response. Plaintiffs argue the trial court erred in allowing the amendment because the defendant did not properly file a written motion for amendment at least five days before the hearing on the motion as required by OCGA § 9-11-6 (d). However, even if the trial court erred the error is harmless in this case because the evidence in question relates solely to the issue of damages, an issue the jury did not reach because it found defendant was not liable.

4. Plaintiffs submitted into evidence defendant's response to ten of plaintiffs' requests for admission. Plaintiffs argue the court erred in charging the jury that any matter admitted by a party is conclusively established unless the court permits amendment of the admissions and that the court did allow defendant to amend its admissions in this case. However, the record shows that defendant's response to one of the ten requests for admission was amended and the amendment to the admission was read to the jury. We reject plaintiffs' argument that the trial court's charge was misleading or was an improper comment on the evidence.

5. We reject plaintiffs' argument that the trial court improperly restricted their right to present rebuttal testimony and to compel the attendance of a witness. The record shows one of the witnesses subpoenaed by plaintiffs was an attorney who, at the time of this trial, was compelled to attend the trial of his own client's case in another

county. Thus, pursuant to OCGA § 9-11-32 (a) (3) (B), (D) and (E), the trial court did not err in ruling that the witness was unavailable to appear at trial and in permitting his testimony to be presented by deposition. We have examined the transcript of the trial conference in which plaintiffs argue the trial court improperly restricted their right to present rebuttal evidence and find no error. Plaintiffs were allowed to present witnesses in rebuttal. Moreover, throughout the plaintiffs' portion of the trial, plaintiffs' counsel posed questions to witnesses attempting to negate defendant's defense of due care.

6. Plaintiffs submitted into evidence certain portions of the report on the incident prepared by the National Transportation Safety Board. Plaintiffs argue the trial court erred in refusing to admit a certain page of the report which contained the entry "None" after the heading "Part Failure/Malfunction." Whether the incident was caused by mechanical malfunction was one of the issues presented to the jury. We agree with the trial court that, despite the fact that the page in question was entitled "Factual Report," the notation concerning the mechanical malfunction reflected an opinion or conclusion of the person who prepared the report and thus the page was inadmissible without qualifying the preparer as an expert. See *Cassano v. Pilgreen's, Inc.*, 117 Ga. App. 260 (2) (160 SE2d 439) (1968). The information at issue here is distinguishable from that at issue in *American Airlines v. United States*, 418 F2d 180 (5th Cir. 1969), in which the federal appeals court ruled that exhibits to an official report, which merely set forth data derived from the flight recorder foil, were admissible.

7. No error is shown by the refusal of the trial court to permit the co-pilot to testify about statements made by the pilot to a federal investigator. Plaintiffs' counsel examined the pilot, himself, as to statements he made to the investigator. Thus, no error is shown by the trial court's exclusion of the written statement as an exhibit.

8. The trial court did not err in sustaining the objection to the question by plaintiffs' counsel to plaintiffs' expert witness on re-direct examination concerning the duty of a pilot to ground an aircraft after discovery of a mechanical malfunction. The record shows plaintiffs' counsel had extensively questioned the witness on the respective duties of the owner and the operator of an aircraft on direct examination.

9. We find no reversible error in the trial court's refusal to strike the remark of defendant's owner that the malfunctions experienced during the first week of the lease were reported to the co-pilot "who represented [plaintiffs] who [were] responsible for the maintenance of the airplane." Ample evidence was presented that the co-pilot did represent plaintiffs during the lease of the aircraft to defendant and that plaintiffs, as owners, were responsible for its maintenance.

10. At the conference on charges to the jury plaintiffs' counsel admitted that its request to charge number 24 was essentially repetitive of its request number 23. The record shows the jury was properly charged on the defendant's burden of proof in a bailment case to show diligence where the plaintiff has shown proof of loss. Thus, the trial court did not err in refusing to give the specific request.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 29, 1990 —
REHEARING DENIED MARCH 13, 1990 — 

*Robert M. Goldberg, Alan Z. Eisenstein,* for appellants.
*Gray, Gilliland & Gold, T. Cullen Gilliland, Lori E. Kirschner,* for appellee.