A90A2024. SCOTT v. PURSER TRUCK SALES, INC. et al.
(402 SE2d 354)

SOGNIER, Chief Judge.

Joe Scott brought suit against Purser Truck Sales, Inc. alleging his automobile was negligently destroyed while in Purser Truck's possession and control. Purser Truck answered, denying that the car had been in its possession or control when damaged, and counterclaimed to recover the balance due it as seller of the car under the conditional sales contract and security agreement executed by the parties. Purser Truck then brought a third party complaint against Lonz Radford, alleging that the car had been in the possession and control of Radford, an independent contractor, for purposes of repair when it was damaged, and seeking to hold Radford liable for any sums Scott might recover against Purser Truck. After a bench trial, which was not reported and for which no transcript is present in the record, see OCGA § 5-6-41, the Civil Court of Bibb County found against Scott on his claim, thereby assessing no damages against Radford, and found in favor of Purser Truck on its counterclaim. Scott appeals. See Ga. L. 1955, pp. 2552, 2565, § 26.

1. Appellant contends the trial court erred by finding in favor of

appellee because appellee, as bailee, failed to prove it exercised the proper duty of care to protect appellant's car. Appellant, as the party asserting error, has the burden of affirmatively showing such error by the record. See *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397, 398 (370 SE2d 520) (1988). Appellant argues that the findings contained in the trial court's judgment support his argument. In its order, the trial court specifically found that appellant "enlisted the assistance" of appellee in making repairs to the car, that appellee "obtained the services" of Radford "for the purposes of making said repairs," and that the car was in Radford's possession when it was destroyed. The trial court then found that "[t]here was no evidence submitted at trial or in supporting documents that demonstrated any negligence on the part of [appellee]" in regard to the destruction of the car. Subsequently, the order sets forth that the trial court "specifically finds that [appellant] did not carry [his] burden of proof in presenting any evidence of negligence or failure to use ordinary care and diligence by [appellee] in maintaining the property that was given to [it]."

We reverse. OCGA § 9-11-52 (a), which is applicable to the trial court here, see Ga. L. 1955, pp. 2552, 2559, §§ 16, 17, provides that findings of trial courts in nonjury trials "shall not be set aside unless clearly erroneous." See generally *Commonwealth Fin. Corp. v. Sherrill*, 197 Ga. App. 403, 404-405 (1) (398 SE2d 438) (1990). This principle does not apply, however, where it appears that the trial court's findings and judgment are based on an error of law. See generally *Kingston Dev. Co. v. Kenerly*, 132 Ga. App. 346, 349 (1) (208 SE2d 118) (1974). We acknowledge initially that the trial court's findings arguably could be construed as establishing that appellee, although having "obtained the services" of Radford, was not in possession of appellant's car at the time of its destruction for the purposes of a bailment. See *Davidson v. Ramsby*, 133 Ga. App. 128, 131 (5) (210 SE2d 245) (1974) ("[t]o create a bailment, express or implied, there must be an actual or constructive delivery of the goods with actual or constructive possession in the bailee, exclusive and independent of the bailor and all other persons. [Cits.]"). However, we cannot here apply the "right for any reason" rule to affirm the judgment in favor of appellee on the basis that no bailment existed, because despite the ambiguity of the trial court's findings on the issue of possession of the bailed item, the language employed by the trial court as a whole establishes that its judgment was based on the existence of a bailment between appellant and appellee, and we are thus unable to construe the facts otherwise.

Given the existence of a bailment, we agree with appellant that the language used by the trial court in its order manifests an incorrect application of the law of bailment. Because a bailee is bound to use ordinary care and diligence to protect the thing bailed, see OCGA §

44-12-43, a presumption of negligence arises where possession is shown in the bailee at the time of damage to the property. See OCGA § 44-12-44; *United States Security Whse. v. Brooks*, 115 Ga. App. 834 (3) (156 SE2d 217) (1967). The burden then is on the bailee to prove that the injury to the property was not occasioned by negligence on the bailee's part. See *Jet Air v. Epps Air Svc.*, 194 Ga. App. 829, 830 (1) (392 SE2d 245) (1990). In order to rebut this evidentiary presumption, the bailee must negate every inference of negligence on its part, as the presumption in itself is sufficient to support a verdict in favor of the bailor, *Camp v. T. E. Cline, Inc.*, 141 Ga. App. 328, 329 (1) (233 SE2d 280) (1977); *Red-Cross Laundry v. Tuten*, 31 Ga. App. 689 (2) (121 SE 865) (1924), and it is only after the bailee has met its burden of proof by showing it exercised the required standard of diligence that the burden of going forward with the evidence shifts back to the bailor, who then has the burden of producing evidence to show negligence on the part of the bailee. See *Rhodes v. Duarte*, 142 Ga. App. 885 (237 SE2d 212) (1977).

Applying these principles to the case sub judice, the burden was not on appellant to adduce any evidence to demonstrate appellee's negligence, but on appellee to rebut the presumption that such negligence was the cause of the destruction of appellant's car. The trial court's order fails to reflect that appellee carried its burden of proving that it exercised the required standard of diligence. Rather, it is apparent that the trial court applied incorrect legal standards when it found that "no evidence [was] submitted . . . that demonstrated any negligence" on appellee's part and that appellant "did not carry its burden of proof in presenting any evidence of negligence or failure to use ordinary care and diligence" on appellee's part. The incorrect shifting of the burden of proof from appellee, the bailee, to appellant, the bailor, renders the trial court's application of the relevant law clearly erroneous under OCGA § 9-11-52 (a), and therefore mandates reversal of the judgment.

2. Our holding in Division 1 renders it unnecessary for us to address appellant's final enumeration.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 18, 1991.

*Lonzy F. Edwards*, for appellant.
*Sarah E. Stevenson*, for appellees.
Lonz Radford, *pro se.*